Brian J. Soo-Hoo, Esq. (SBN 228298)
Phillip B. Nghiem, Esq. (SBN 291525)
**LAW OFFICES OF BRIAN J. SOO-HOO, APC**
1905 North Main Street
Santa Ana, CA 92706
PH: (714) 589-2252
FX: (714) 589-2254
E-Service to: info@consumerjusticelc.com

Attorney for Plaintiff Jacqueline Flores

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE FLORES,<br><br>        Plaintiff,<br><br>    vs.<br><br>HARRIS & HARRIS, LTD., CHARTER COMMUNICATIONS, INC., AND DOES 1-10, inclusive,<br><br>        Defendants. | ) Case No.<br>) Assigned to:<br>) Dept.<br>) **JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>)<br>) **DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is an action for damages, declaratory relief, and injunctive relief arising from unlawful debt-collection text messages sent to Plaintiff Jacqueline Flores' ("Plaintiff") cellular telephone in an attempt to collect an alleged consumer debt that Plaintiff does not owe.

-1-

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

2. Defendant Harris & Harris, Ltd. sent the text messages while acting on behalf of Defendant Charter Communications, Inc. in connection with the collection of an alleged consumer debt.

3. Defendants repeatedly sent debt-collection text messages to Plaintiff's personal cellular telephone even though Plaintiff was not the debtor, had no account with Harris & Harris, Ltd., and never consented to be contacted about the alleged debt.

4. The text messages identified "Justino," who is Plaintiff's father, and thereby disclosed debt-related information to a third party who was not the consumer allegedly obligated on the debt, or at minimum attempted to use Plaintiff as a conduit to reach another person.

5. On June 8, 2026, after receiving two such texts, Plaintiff promptly called Harris & Harris, Ltd. and advised that it had the wrong number and was to stop contacting her. Harris & Harris, Ltd.'s representative confirmed Plaintiff's number and stated it would be placed on a do-not-call list, and assured Plaintiff that the text messages would cease.

6. Following the conversation Plaintiff had with Harris & Harris, Ltd., Plaintiff received these three text messages:

-2-

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**



**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

7. Defendants' conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

## II. JURISDICTION AND VENUE

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

9. This Court has supplemental jurisdiction over Plaintiff's California Rosenthal Fair Debt Collection Practices Act claim under 28 U.S.C. § 1367 because that claim forms part of the same case or controversy.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in Orange County, California, within this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District, including the text messages being received on Plaintiff's cellular telephone in Orange County.

11. Intra-district assignment to the Southern Division is proper because Plaintiff resides in the City of Orange, County of Orange, California, and a substantial part of the events or omissions giving rise to these claims occurred in Orange County.

## III. PARTIES

12. Plaintiff Jacqueline Flores is, and at all relevant times was, a natural person residing in the City of Orange, County of Orange, California.

13. Plaintiff is a "person" within the meaning of 47 U.S.C. § 227 and a natural person injured by Defendants' unlawful debt-collection communications.

14. Defendant Harris & Harris, Ltd. is, and at all relevant times was, a business entity engaged in the collection of consumer debts, including by text message and telephone. Plaintiff is informed and believes that its principal

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

business address is 111 W. Jackson Blvd., Suite 650, Chicago, Illinois 60604.

15. Plaintiff is informed and believes, and on that basis alleges, that Harris & Harris, Ltd. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16. Defendant Charter Communications, Inc. is, and at all relevant times was, a corporation doing business in California and extending, servicing, or collecting on consumer accounts, including accounts referred to third-party collection agencies for collection.

17. Plaintiff is informed and believes, and on that basis alleges, that Charter Communications, Inc. was the creditor or principal on whose behalf Harris & Harris, Ltd. was attempting to collect the alleged debt at issue.

18. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Harris & Harris, Ltd. acted as the actual, ostensible, and/or ratified agent of Charter Communications, Inc. in placing or causing the text messages and collection communications alleged herein.

19. Plaintiff is informed and believes, and on that basis alleges, that Charter Communications, Inc. authorized, directed, controlled, received the benefit of, and/or ratified Harris & Harris, Ltd.'s collection activity directed to Plaintiff's cellular telephone number.

20. Plaintiff is informed and believes, and on that basis alleges, that Charter Communications, Inc. is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c), or otherwise is liable under California law because it engaged in or caused debt-collection conduct in California through Harris & Harris, Ltd.

21. The true names and capacities of Defendants sued herein as Does 1 through 10 are presently unknown to Plaintiff, who therefore sues such Defendants

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

22. Plaintiff is informed and believes, and on that basis alleges, that each Defendant was the agent, servant, employee, alter ego, affiliate, parent, subsidiary, co-conspirator, successor, or joint venturer of each of the remaining Defendants, and in doing the things alleged herein acted within the course and scope of such relationship and with permission and consent.

## IV. GENERAL ALLEGATIONS

23. Plaintiff has had the cellular telephone number at issue for approximately three to five years.

24. Plaintiff never provided her cellular telephone number to Harris & Harris, Ltd. or Charter Communications, Inc. for debt-collection purposes.

25. Plaintiff never had any account with Harris & Harris, Ltd.

26. Plaintiff did not owe the alleged debt that was the subject of the text messages.

27. Harris & Harris, Ltd., while acting on behalf of Charter Communications, Inc., sent repeated text messages to Plaintiff's cellular telephone in an effort to collect an alleged consumer debt associated with "Justino."

28. The individual named in the text messages, Justino, is Plaintiff's father.

29. Plaintiff is not Justino.

30. Plaintiff was not the consumer allegedly obligated on the debt referenced in the text messages.

31. Plaintiff did not consent to receive debt-collection text messages from either Defendant regarding Justino or any other person.

32. The text messages were sent to Plaintiff's personal cellular telephone using equipment and a messaging system capable of sending text messages en masse or automatically from stored lists, without human involvement in each individual message.

-6-

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

33. The following are screenshots of the text messages Plaintiff received:

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**



**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

34. The text messages were sent in connection with the collection of a consumer debt, as evidenced by their content, context, and the identity of Harris & Harris, Ltd. as a debt collector acting for Charter Communications, Inc.

35. The messages identified or referred to Justino by name and were directed to Plaintiff's cellular telephone number, not to Justino directly.

36. By sending these debt-collection text messages to Plaintiff, Defendants Harris & Harris, Ltd. and Charter Communications, Inc. (or collectively "Defendants"), disclosed or risked disclosing private debt-related information to a third party.

37. On June 8, 2026, Plaintiff received two debt-collection text messages.

38. On June 8, 2026, at approximately 11:24 a.m., Plaintiff called Harris & Harris, Ltd. at 800-362-0097.

39. During that call, Plaintiff advised Harris & Harris, Ltd. that it had the wrong number and requested that no further communications be sent to her number.

40. Harris & Harris, Ltd.'s representative confirmed Plaintiff's telephone number and advised that it would be added to a do-not-call list.

41. Plaintiff did not respond "STOP" to the text messages because she directly called and expressly requested that her number be removed and that contact cease.

42. Defendants had no lawful basis to use Plaintiff's number for debt collection once they knew or should have known the number belonged to a non-debtor.

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual harm including invasion of privacy, nuisance, aggravation, frustration, anxiety, stress, wasted time, and disruption in the use and enjoyment of her cellular telephone.

44. Plaintiff also suffered the burden and frustration of receiving debt-collection messages meant for another person, including her father.

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

45. Defendants' acts and omissions were knowing, intentional, willful, reckless, and/or the result of inadequate policies and procedures designed to prevent debt-collection communications to wrong numbers and non-debtors.

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act

### 47 U.S.C. § 227

### (Against Harris & Harris, Ltd. and Charter Communications, Inc.)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA prohibits, absent valid consent or another applicable exception, sending text messages to a cellular telephone using prohibited automated technology. 47 U.S.C. § 227(b) (2018)

48. Harris & Harris, Ltd. sent text messages to Plaintiff's cellular telephone.

49. Plaintiff did not provide prior express consent to receive those text messages.

50. Plaintiff never provided her cellular telephone number to either Defendant in connection with any debt or account.

51. Plaintiff never had any account with Harris & Harris, Ltd., and the debt at issue was being pursued on behalf of Charter Communications, Inc. as to another individual.

52. The text messages were sent using automated equipment or a platform with the capacity to send text messages automatically from stored lists or through automated campaign functionality.

53. Plaintiff is informed and believes, and on that basis alleges, that Harris & Harris, Ltd. used such automated equipment in the ordinary course of its debt-collection business.

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

54. Charter Communications, Inc. is liable for the text messages because Harris & Harris, Ltd. acted as Charter Communications, Inc.'s actual agent, apparent agent, and/or ratified agent in sending the messages on Charter Communications, Inc.'s behalf.

55. Charter Communications, Inc. authorized, controlled, accepted the benefit of, and/or ratified the collection campaign that generated the text messages to Plaintiff's number.

56. Defendants thereby violated the TCPA.

57. As a direct and proximate result of Defendants' violations, Plaintiff suffered concrete injury and actual harm, including invasion of privacy, nuisance, annoyance, aggravation, wasted time, and disruption to the use of her cellular telephone.

58. Plaintiff is entitled to recover statutory damages of $500 for each negligent violation of the TCPA and up to $1,500 for each knowing or willful violation, plus injunctive relief and any other relief the Court deems proper.

**SECOND CAUSE OF ACTION**

**Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq.**

**(Against Harris & Harris, Ltd.)**

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60. Harris & Harris, Ltd. is a "debt collector" as defined by 15 U.S.C. § 1692a. 15 U.S.C. § 1692a (2018)

61. The alleged obligation referenced in the texts was a consumer debt, or was represented by Harris & Harris, Ltd. to be a consumer debt.

62. Harris & Harris, Ltd. communicated with Plaintiff in connection with the collection of that debt.

63. Plaintiff was not the consumer allegedly obligated to pay the debt.

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

64. By sending debt-collection text messages to Plaintiff regarding Justino, Harris & Harris, Ltd. communicated with a third party in connection with the collection of a debt, without prior consent given directly to Harris & Harris, Ltd. and without court permission.

65. Harris & Harris, Ltd. also used unfair or unconscionable means to collect or attempt to collect a debt.

66. Harris & Harris, Ltd. engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

67. Harris & Harris, Ltd. used false, deceptive, or misleading representations or means in connection with the collection of a debt, including by directing debt-collection communications to Plaintiff when Plaintiff did not owe the debt and was not the intended consumer.

68. After Plaintiff directly informed Harris & Harris, Ltd. on June 8, 2026 that it had the wrong telephone number and was to stop contacting her, its use of Plaintiff's telephone number for debt-collection purposes further evidences deficient and unfair collection practices.

69. As a direct and proximate result of Harris & Harris, Ltd.'s FDCPA violations, Plaintiff suffered actual damages including aggravation, annoyance, frustration, and wasted time.

70. Plaintiff is entitled to actual damages, statutory damages up to $1,000, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k (2018).

**THIRD CAUSE OF ACTION**

**Rosenthal Fair Debt Collection Practices Act**

**Cal. Civ. Code § 1788 et seq.**

Against Harris & Harris, Ltd. and Charter Communications, Inc.

71. Plaintiff realleges and incorporates by reference paragraphs 1 through 70 as though fully set forth herein.

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

72. Harris & Harris, Ltd. is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c) (2026).

73. Charter Communications, Inc. is also a "debt collector" within the meaning of California law, or otherwise is liable because it engaged in, authorized, caused, controlled, and/or ratified debt-collection conduct directed into California through Harris & Harris, Ltd.

74. California's Rosenthal Act prohibits debt collectors from engaging in unfair, deceptive, and abusive debt-collection practices and incorporates FDCPA standards through Cal. Civ. Code § 1788.17 (2026).

75. Defendants violated the Rosenthal Act, including but not limited to Cal. Civ. Code § 1788.11 (2026), Cal. Civ. Code § 1788.17 (2026), and related provisions, by engaging in unlawful debt-collection communications directed to Plaintiff about a debt she did not owe.

76. Defendants' conduct included, without limitation, repeated debt-collection text messages to Plaintiff's cellular telephone, disclosure of debt-related information concerning another person, use of unfair or harassing collection practices, and failure to maintain reasonable procedures to prevent contact with the wrong person.

77. Through Cal. Civ. Code § 1788.17 (2026), Defendants are also liable for conduct that violates incorporated federal debt-collection standards.

78. As a direct and proximate result of Defendants' Rosenthal Act violations, Plaintiff suffered actual damages including aggravation, annoyance, frustration, and wasted time

79. Plaintiff is entitled to actual damages, statutory relief, costs of suit, and attorney's fees under Cal. Civ. Code § 1788.30 (2026).

## VI. REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 79 as though fully set forth herein.

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

81. An actual controversy exists between the parties regarding whether Defendants may lawfully use Plaintiff's cellular telephone number in connection with debt collection for a debt Plaintiff does not owe.

82. Plaintiff seeks a declaration that Defendants' conduct violated the TCPA, FDCPA, and Rosenthal Act, as applicable to each Defendant.

83. Plaintiff further seeks injunctive relief prohibiting Defendants from contacting Plaintiff's cellular telephone number again in connection with collection of any debt not owed by Plaintiff, and requiring Defendants to implement procedures reasonably designed to prevent further communications to Plaintiff's number regarding this alleged debt.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jacqueline Flores prays for judgment against Defendants Harris & Harris, Ltd. and Charter Communications, Inc., and each of them, as follows:

A. For statutory damages under the TCPA;

B. For treble damages under the TCPA for willful or knowing violations, as permitted by law;

C. For actual damages according to proof;

D. For statutory damages under the FDCPA against Harris & Harris, Ltd.;

E. For actual damages under the FDCPA against Harris & Harris, Ltd.;

F. For actual damages and statutory relief under the Rosenthal Act against Harris & Harris, Ltd. and Charter Communications, Inc.;

G. For declaratory relief as requested herein;

H. For injunctive relief as requested herein;

I. For costs of suit;

J. For reasonable attorney's fees where authorized by statute;

K. For pre-judgment and post-judgment interest as allowed by law; and

L. For such other and further relief as the Court deems just and proper.

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED:  July 27, 2026         **LAW OFFICES OF BRIAN J. SOO-HOO, APC**

By:  */s/ Brian J. Soo-Hoo*

**Brian J. Soo-Hoo, Esq.**

Attorney for Plaintiff Jacqueline Flores

**JACQUELINE FLORES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**